UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GEORGE M. TESLOVICH, JR. | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 2:20-cv-01132-MJH |
| CHUBB INSURANCE GROUP and PACIFIC INDEMNITY COMPANY, | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT FACTUAL BACKGROUND | 1 |
| III. | LEGAL STANDARD | 2 |
| IV. | ARGUMENT | 3 |
| | A. Plaintiff's Claims are Barred by the Policy's Suit Limitations Provision | 3 |
| | B. Alternatively, Plaintiff Fails to Sufficiently Plead a Claim for Bad Faith | 5 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................................... 2, 3

Atiyeh v. Nat'l Fire Ins. Co. of Hartford,
   742 F. Supp. 2d 591 (E.D. Pa. 2010) ................................................................................................ 7

Bick v. State Farm Fire & Cas.,
   No. 2:19-cv-00821, 2019 WL 7372050 (W.D. Pa. Dec. 31, 2019) ........................................ 9

Biela v. Westfield Ins. Co.,
   No. 19-cv-04383, 2019 WL 6609939 (E.D. Pa. Dec. 4, 2019) .................................................. 8

Blasetti v. Allstate,
   No. 11-cv-6920, 2012 WL 177419 (E.D. Pa. Jan. 23, 2012) ...................................................... 6

Burtch v. Milberg Factors, Inc.,
   662 F.3d 212 (3d Cir. 2011) ................................................................................................................ 2

Cain Village Assocs., L.P. v. Home Indem. Co.,
   75 F. Supp. 2d 404 (E.D. Pa. 1999) ................................................................................................ 3

Cappuccio v. State Farm Fire & Cas. Ins. Co.,
   No. 19-cv-3025, 2020 WL 2307340 (E.D. Pa. May 8, 2020) .................................................... 8

Connelly v. Lane Const. Corp.,
   809 F.3d 780 (3d Cir. 2016) ................................................................................................................ 3

Higman v. State Farm Mut. Auto. Ins. Companies,
   No. 2:18-cv-00662, 2018 WL 5255221 (W.D. Pa. Oct. 22, 2018) .......................................... 9

James v. City of Wilkes-Barre,
   700 F.3d 675 (3d Cir. 2012) ................................................................................................................ 6

Kelley v. State Farm Fire & Cas. Co.,
   No. 19-cv-0626, 2019 WL 2425135 (E.D. Pa. June 10, 2019) .................................................. 7

Kosmalski v. Progressive Preferred Insurance,
   No. 17-cv-5726, 2018 WL 2045827 (E.D. Pa. May 2, 2018) .................................................... 6

Lardas v. Underwriters Ins. Co.,
   426 Pa. 47 (Pa. 1967) ..................................................................................................................... 3, 4

Liberty Ins. Corp. v. PGT Trucking, Inc.,
 No. 11-cv-151, 2011 WL 2552531 (W.D. Pa. June 27, 2011) .................................................6

Mattia v. Allstate Ins. Co.,
 No. 14-cv-2099, 2014 WL 2880302 (E.D. Pa. June 24, 2014)..................................................9

Mayer v. Belichick,
 605 F.3d 223 (3d Cir. 2010).....................................................................................................3

MBMJ Properties, LLC v. Millville Mut. Ins. Co.,
 No. 18-cv-5071, 2019 WL 1651667 (E.D. Pa. Apr. 17, 2019)..............................................6, 8

Merrill v. State Farm Fire & Cas. Co.,
 No. 12-cv-1328, 2013 WL 588515 (W.D. Pa. Feb. 13, 2013)..................................................9

Morse v. Lower Merion Sch. District,
 132 F.3d 902 (3d Cir. 1997).....................................................................................................3

Mozzo v. Progressive Ins. Co.,
 No. 14-cv-5752, 2015 WL 56740 (E.D. Pa. Jan. 5, 2015).......................................................9

Myers v. State Farm Mut. Auto. Ins. Co.,
 No. 17-cv-3509, 2017 WL 3891968 (E.D. Pa. Sept. 6, 2017)..................................................9

O'Donnell v. Allstate Ins. Co.,
 734 A.2d 901 (Pa. Super. 1999)...............................................................................................5

Palmisano v. State Farm Fire & Cas. Co.,
 No. 12-cv-886, 2012 WL 3595276 (W.D. Pa. Aug. 20, 2012).................................................5

Pasqualino v. State Farm Mut. Auto. Ins. Co.,
 No. 15-cv-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015)............................................7, 9

Pension Benefit Guar. Corp. v. White Consol. Indus.,
 998 F.2d 1192 (3d Cir. 1993)...................................................................................................1

Pini v. Allstate Ins. Co.,
 499 F. Supp. 1003 (E.D. Pa. 1980) .........................................................................................4

Plummer v. State Farm Fire & Cas. Co.,
 No. 2:13-cv-01579, 2014 WL 2960473 (W.D. Pa. June 27, 2014) .........................................7

Pratts v. State Farm Fire & Cas. Co.,
 No. 3:16-CV-2385, 2019 WL 1952875 (M.D. Pa. May 2, 2019)............................................4

Prime Medica Assocs. v. Valley Forge Ins. Co.,
 970 A.2d 1149 (Pa. Super. Ct. 2009).......................................................................................4

Rancosky v. Washington Nat'l Ins. Co.,
 170 A.3d 364 (Pa. 2017) ...............................................................................................5

Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC,
 No. 2:19-cv-00768, 2019 WL 4254059 (W.D. Pa. Sept. 9, 2019) ..............................6

Smith v. State Farm Mut. Auto. Ins. Co.,
 506 F. App'x 133 (3d Cir. 2012) ..................................................................................6

Soldrich v. State Farm Fire & Cas. Co.,
 No. 5:15-cv-01438, 2015 WL 7568442 (E.D. Pa. Nov. 25, 2015) .........................8, 9

Swan Caterers, Inc. v. Nationwide Mut. Fire Ins. Co.,
 No. 12-cv-00024, 2012 WL 5508371 (E.D. Pa. Nov. 13, 2012) ................................4

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
 127 S. Ct. 2499, 551 U.S. 308 (2007) .........................................................................1

Terletsky v. Prudential Property & Casualty Ins. Co.,
 649 A.2d 680 (Pa. Super. 1994) ...................................................................................5

Trzaska v. L'Oreal USA, Inc.,
 865 F.3d 155 (3d Cir. 2017) ........................................................................................3

Willhelm v. Hartford Cas. Ins. Co.,
 No. 10-cv-1077, 2010 U.S. Dist. LEXIS 164167 (E.D. Pa. Aug. 31, 2010) .............4

Williams v. Allstate Vehicle & Prop. Ins. Co.,
 No. 18-cv-0675, 2018 WL 4100681 (E.D. Pa. Aug. 27, 2018), appeal
 dismissed, 2018 WL 7568861 (3d Cir. Dec. 21, 2018) .............................................4

**Statutes**

42 Pa.C.S. § 8371....................................................................................................................5

Federal Rule of Civil Procedure 12(b)(6) ................................................................. *passim*

**I.     INTRODUCTION**

Defendants "Chubb Insurance Group" (erroneously and improperly named as a defendant herein[1]) and Pacific Indemnity Company ("Pacific", and together with the erroneously and improperly named "Chubb Insurance Group", "Defendants"), by and through undersigned counsel, hereby move to dismiss Plaintiff's Complaint in its entirety in the above-captioned action. Plaintiff's Complaint fails as a matter of law because it is time-barred pursuant to the suit limitations clause in the Pacific homeowners insurance policy. Alternatively, even if Plaintiff's Complaint was not time-barred, Plaintiff's bad faith claim must be dismissed because Plaintiff fails to plead its claim with the requisite specificity under Pennsylvania law.

**II.    RELEVANT FACTUAL BACKGROUND**

Pacific issued a homeowners insurance policy, policy number 10336670-02, to Plaintiff George M. Teslovich, Jr. for the policy period November 16, 2017 to November 16, 2018 (the "Policy"). *See* Complaint, ECF Doc. 1-1, at ¶¶ 4 and 6. The Policy provides coverage for, *inter alia*, the house and contents at 100 Ben Lomond St., Uniontown, PA (the "Property"), subject to the terms, limitations, conditions, exclusions, and other provisions in the Policy. A certified copy of the Policy is attached hereto as Exhibit "A."[2]

The "Special Conditions" section of the Policy contains a suit limitations provision, which provides as follows:

---

[1] Pacific does not concede that "Chubb Insurance Group" was properly served with the Complaint. "Chubb Insurance Group" is not an entity, corporation, partnership, unincorporated association, or insurance company. Accordingly, "Chubb Insurance Group" is not a legal entity with the capacity to be sued and is therefore an improper party-defendant in this action.

[2] Plaintiff did not attach the Policy issued by Pacific to Plaintiff as an exhibit to the Complaint, noting that it is "too voluminous" and stating that Defendants already have it. Complaint, ECF Doc. 1-1, at ¶ 6. However, the Policy was referenced in the Complaint, is central to Plaintiffs' claim, and its authenticity cannot be questioned. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509, 551 U.S. 308, 322 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

> **Legal action against us**
> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. For property, you also agree to bring any action against us within two years after a loss occurs, but not until 30 days after proof of loss has been submitted to us and the amount of loss has been determined.

(*See* Ex. "A" at Page Y-5). This suit limitations provision requires the insured institute suit within two years after the date on which the claimed direct physical loss or damage occurs.

On February 26, 2020, Plaintiff filed a Complaint in the Court of Common Pleas of Fayette County. *See* Complaint, ECF Doc. No. 1-1. Pacific timely removed this action to this Court on July 28, 2020. *See* Notice of Removal, ECF Doc. No. 1. In his Complaint, Plaintiff alleges causes of action against Pacific for breach of contract (Count I) and bad faith (Count II) premised on alleged coverage for losses sustained to the Property at separate times as a result of a snowstorm and a tornado. Compl., ECF Doc. 1-1, at ¶¶ 7-16. Plaintiff alleges that a snowstorm caused damage to the Property on January 25, 2018. Id., at ¶ 8. Plaintiff further alleges that on February 15, 2018, a tornado caused damage to the Property and its contents. Id., at ¶¶ 9.

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is the appropriate method to challenge the legal sufficiency of a claim. In deciding a motion to dismiss under Rule 12(b)(6), a court must first "tak[e] note of the elements [the] plaintiff must plead to state a claim." Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. However, a Court need not credit "bald assertions" or "legal conclusions" when deciding a Motion to Dismiss. Morse v. Lower Merion Sch. District, 132 F.3d 902, 906 (3d Cir. 1997).

This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016). See also Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. ARGUMENT

### A. Plaintiff's Claims are Barred by the Policy's Suit Limitations Provision

The Policy's suit limitations provision clearly states: "you also agree to bring any action against us within two years after a loss occurs…". (Policy, Ex. A at Page Y-5) Courts applying Pennsylvania law have held both one and two year suit limitations clauses in insurance contracts to be enforceable and reasonable in the context of property loss or damage. See Lardas v. Underwriters Ins. Co., 426 Pa. 47, 50 (Pa. 1967) (one-year suit limitations clause for property damage resulting from fire "is valid and reasonable" and that "has been long recognized"); Cain Village Assocs., L.P. v. Home Indem. Co., 75 F. Supp. 2d 404, 410 (E.D. Pa. 1999) (two-year suit limitations clause "to file suit for property loss" valid and reasonable).

As pled in the Complaint, Plaintiff's losses giving rise to his claims against Defendants in this action allegedly occurred on January 25, 2018 and February 15, 2018. Pursuant to the Policy,

3

"two years after the loss" would therefore be January 25, 2020 and February 15, 2020. Yet, Plaintiff first filed suit against Defendants on February 26, 2020, after the limitations period had expired.

A suit limitations period acts as "an absolute bar to suit," with two limited exceptions: where "the insurer waives its right to rely thereon or its conduct estops it from doing so." Pini v. Allstate Ins. Co., 499 F. Supp. 1003, 1004 (E.D. Pa. 1980) (quoting Lardas, 426 Pa. at 52-53). Pennsylvania courts repeatedly find a suit limitations defense to be an absolute bar to suit. For example, in Prime Medica Assocs. v. Valley Forge Ins. Co., 970 A.2d 1149 (Pa. Super. Ct. 2009), the policy at issue included a similar two-year suit limitations clause. The insured suffered a property loss on April 16, 2001, and brought suit on November 4, 2003. The court held the suit limitations clause supported dismissal of the action, and that the insured "failed to show any actions by Insurer which induced Insured to conclude Insurer would waive the limitations period." Id. at 1158.

Federal courts in Pennsylvania have reached the same result. See, e.g., Pratts v. State Farm Fire & Cas. Co., No. 3:16-CV-2385, 2019 WL 1952875, at *6–8 (M.D. Pa. May 2, 2019) ("the date of loss was more than one (1) year before litigation was filed. As a result, Plaintiff filed this action after the limitation period expired."); Swan Caterers, Inc. v. Nationwide Mut. Fire Ins. Co., No. 12-cv-00024, 2012 WL 5508371, at *4 (E.D. Pa. Nov. 13, 2012) (suit filed on December 2, 2011 was barred by one-year suit limitations provision for loss that occurred on January 25, 2010); Willhelm v. Hartford Cas. Ins. Co., No. 10-cv-1077, 2010 U.S. Dist. LEXIS 164167 at *2 (E.D. Pa. Aug. 31, 2010) (action filed on March 11, 2010 relating to claim filed by insured on July 24, 2006 was barred by two-year suit limitations clause in policy).

Where a pleading alleges facts demonstrating that the action is barred by the suit limitations provision, courts dismiss such actions on Rule 12(b)(6) motions. See Williams v. Allstate Vehicle & Prop. Ins. Co., No. 18-cv-0675, 2018 WL 4100681, at *7–8 (E.D. Pa. Aug. 27, 2018), appeal dismissed, 2018 WL 7568861 (3d Cir. Dec. 21, 2018) (dismissing on Rule 12(b)(6) motion claims against insurer based on suit limitations clause); Palmisano v. State Farm Fire & Cas. Co., No. 12-cv-886, 2012 WL 3595276, at *11 (W.D. Pa. Aug. 20, 2012) (same).

As pled by Plaintiff, the losses at issue occurred more than two years before the initiation of this action. Further, no allegations in the Complaint even suggest that a waiver or estoppel exception applies. Accordingly, because Plaintiff's action was filed beyond the two-year suit limitations period, his claims are barred and his Complaint should be dismissed in its entirety.

### B. Alternatively, Plaintiff Fails to Sufficiently Plead a Claim for Bad Faith

Even though Plaintiff's claims are time-barred, alternatively Plaintiff fails to sufficiently plead a bad faith claim under Pennsylvania law. Plaintiff broadly alleges a conclusory claim for "Bad Faith" against Defendants without pleading facts necessary to state a statutory "bad faith" claim.[3] In Pennsylvania, to state a claim for "bad faith," an insured must satisfy a two-part test: (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017).[4]

---

[3] Pennsylvania courts do not recognize a bad faith claim in the first-party context, which is instead provided by statute, see 42 Pa.C.S. § 8371.
[4] Courts have consistently held that bad faith conduct on the part of an insurer may not be "merely insinuated" by a Plaintiff. See, e.g., Terletsky v. Prudential Property & Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994). To the contrary, a Plaintiff bringing a bad faith claim must present "clear and convincing evidence that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. 1999).

5

Plaintiff fails to plead facts that adequately alleges these two elements. Instead, Plaintiff broadly alleges that "Defendants have, from the very beginning, exhibited bad faith in dealing with the Plaintiff" and states two conclusory assertions:

- First, that Defendants withdrew an inadequate settlement offer of $25,000; and
- Second, that Defendants "have charged very high premiums to the Plaintiff" but "failed and refused to adequately compensate the Plaintiff for his losses, and have expressed no reasonable basis for their failure and refusal to pay…" (Complaint, ECF Doc. No. 1-1, at ¶¶ 14-16)

Such conclusory allegations fail to sufficiently state factual allegations needed to bring the claims to a level of plausibility to survive a Rule 12(b)(6) motion to dismiss. See Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 137 (3d Cir. 2012) (upholding dismissal of a claim for bad faith that included "conclusory statements unsupported by facts"). A complaint must set forth more than "rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC, No. 2:19-cv-00768, 2019 WL 4254059, at *4 (W.D. Pa. Sept. 9, 2019) (citing James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012)).

A federal court in Pennsylvania explained: "[c]ourts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." Kosmalski v. Progressive Preferred Insurance, No. 17-cv-5726, 2018 WL 2045827, at *2 (E.D. Pa. May 2, 2018). To plead "bad faith," courts require plaintiffs to allege (i) specifics as to "who, what, where, when, and how" the refusal to pay was unreasonable and (ii) that the insurer knew or recklessly disregarded its lack of a reasonable basis

for denying benefits. Blasetti v. Allstate, No. 11-cv-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (citing Liberty Ins. Corp. v. PGT Trucking, Inc., No. 11-cv-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011)); MBMJ Properties, LLC v. Millville Mut. Ins. Co., No. 18-cv-5071, 2019 WL 1651667, at *6 (E.D. Pa. Apr. 17, 2019) (citing Pasqualino v. State Farm Mut. Auto. Ins. Co., No. 15-cv-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015)).

Plaintiff does not plead either of these required elements and instead simply alleges that he was owed coverage, but Defendants failed to adequately compensate him for his losses and proposed an allegedly inadequate settlement. Such conduct does not rise to the level of specificity required by courts in Pennsylvania to support a bad faith claim, which have dismissed similar allegations which amount to mere legal conclusions. See Plummer v. State Farm Fire & Cas. Co., No. 2:13-cv-01579, 2014 WL 2960473, at *6–7 (W.D. Pa. June 27, 2014) ("the factual allegations in the complaint are insufficient to support a plausible bad faith claim, and this claim must be dismissed."); see also Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010) (broad conclusory allegations provided "no factual support from which [the court could] conclude that defendant's actions in investigating and evaluating plaintiff's claim were unreasonable.")

For example, in Kelley v. State Farm Fire & Cas. Co., No. 19-cv-0626, 2019 WL 2425135 (E.D. Pa. June 10, 2019), the court rejected conclusory allegations of bad faith, similarly broad as those pled here. The insured alleged that the loss was covered, that she complied with the policy's terms when seeking coverage, and that the insurer possessed "no evidence that the plaintiff's losses did not occur and were not substantiated." Id. at *3. However, the court dismissed the claim, explaining that the insured did not plead how the insurer acted unreasonably, failing to allege what covered expenses had been rejected and whether and how the insurer had responded to the

7

insured's claim. Id. Further, the court found that the insured failed to allege a factual basis showing the insurer knew or recklessly disregarded that its failure to pay lacked a reasonable basis. Id.

Accordingly, factual specificity is critical to pleading bad faith under Pennsylvania law. Courts routinely dismiss bad faith claims because they lack specific facts concerning the insurer's actions from which the Court can infer bad faith. See Cappuccio v. State Farm Fire & Cas. Ins. Co., No. 19-cv-3025, 2020 WL 2307340, at *3 (E.D. Pa. May 8, 2020) (allegations that the insurer acted in bad faith by "misrepresenting pertinent facts or policy provisions relating to coverages at issue" should be dismissed, as the insured failed to plead what misrepresentations the insurer made or facts relating to the insurance claim and investigation to demonstrate how the insurer acted in bad faith); Biela v. Westfield Ins. Co., No. 19-cv-04383, 2019 WL 6609939, at *2–3 (E.D. Pa. Dec. 4, 2019) ("Absent additional facts regarding Biela's insurance claim and the accompanying investigation, negotiations, or communications in support of the contention that Westfield's conduct was unreasonable and reckless, the Court is unable to infer bad faith on Westfield's part."); MBMJ Properties, 2019 WL 1651667 (dismissing bad faith claim, explaining that "because bad faith claims are fact-specific, to survive a motion to dismiss 'a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements.'").

Even where a pleading includes a laundry list of "bad faith" allegations, courts still look to whether the pleading alleges facts that support a legal claim for bad faith. In Soldrich v. State Farm Fire & Cas. Co., No. 5:15-cv-01438, 2015 WL 7568442 (E.D. Pa. Nov. 25, 2015), the court considered numerous allegations that the insurer failed to properly adjust the insured's claim and acted in bad faith by (a) failing to pay the full amount owed to him under the policies; (b) failing to timely pay the amounts owed; (c) scheming to defraud him; (d) recklessly disregarding its obligations under the policy; (e) accepting premiums from him without intending to pay monies

8

owed for covered losses; (f) fraudulently telling him that the losses were not covered despite evidence that they were; (g) claiming that losses were due to uncovered causes despite having no evidence to support that contention; (h) claiming that losses were due to uncovered causes despite evidence to support a covered loss; (i) unilaterally denying covered losses without proper investigation; and (j) falsely misrepresenting its responsibilities under the policy, and that the insurer unreasonably and unjustifiably delayed the handling of Plaintiff's insurance claim and knew or disregarded the fact that it was doing so. Despite the number of allegations asserted, the court dismissed the bad faith claim, explaining "nothing in the Complaint sets forth any facts to support these conclusory allegations" and "there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of his claims and the date that Defendant responded to them." Id. at *3–4.

Plaintiff's "bad faith" allegations are merely broad and conclusory and do not rise to the level of specificity necessary to state a claim for bad faith under Pennsylvania law.[5] Plaintiff alleges in a conclusory fashion that Defendants failed to adequately compensate Plaintiff for his losses and did not express a reasonable basis for this alleged failure. Plaintiff fails to plead any facts to support his claim that Defendants allegedly acted in bad faith – that is "who, what, where, when, and how" the alleged refusal to pay was unreasonable, and whether Defendants knew or recklessly disregarded their alleged lack of a reasonable basis for not adequately compensating Plaintiff for his losses. Accordingly, Count II of Plaintiff's Complaint should be dismissed.

---

[5] Numerous cases not discussed above also require that this Court dismiss Plaintiff's claim for bad faith. See, e.g., Bick v. State Farm Fire & Cas., No. 2:19-cv-00821, 2019 WL 7372050, at *3 (W.D. Pa. Dec. 31, 2019); Higman v. State Farm Mut. Auto. Ins. Companies, No. 2:18-cv-00662, 2018 WL 5255221, at *6–7 (W.D. Pa. Oct. 22, 2018); Myers v. State Farm Mut. Auto. Ins. Co., No. 17-cv-3509, 2017 WL 3891968 (E.D. Pa. Sept. 6, 2017); Pasqualino v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 15-0077, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015); Mozzo v. Progressive Ins. Co., No. 14-cv-5752, 2015 WL 56740 (E.D. Pa. Jan. 5, 2015); Mattia v. Allstate Ins. Co., No. 14-cv-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014); Merrill v. State Farm Fire & Cas. Co., No. 12-cv-1328, 2013 WL 588515, at *5–6 (W.D. Pa. Feb. 13, 2013).

## V. CONCLUSION

For all the foregoing reasons, Defendant's motion to dismiss should be granted under Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's Complaint should be dismissed.

Respectfully submitted,

COZEN O'CONNOR

BY: /s/ *Paul D. Steinman, Esq.*
Paul D. Steinman, Esq. (#49730)
One Oxford Centre
301 Grant Street, 41st Floor
Pittsburgh, PA 15219
psteinman@cozen.com
    -and-
Charles J. Jesuit, Jr., Esq. (#91163) (to be admitted *pro hac vice*)
Stephen S. Kempa, Esq. (#319143) (to be admitted *pro hac vice*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
cjesuit@cozen.com
skempa@cozen.com
*Attorneys for Defendants*

Dated: August 4, 2020

# **CERTIFICATE OF SERVICE**

I, Paul D. Steinman, hereby certify that I served a true and correct copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint upon the following counsel via e-mail and first-class mail, postage prepaid, addressed as follows:

> O'CONNELL & SILVIS
> John M. O'Connell, Jr., Esq. (#05734)
> 131 West Pittsburgh Street
> Greensburg, PA 15601
>
> *Attorneys for Plaintiff*

DATE: August 4, 2020   /s/ *Paul D. Steinman, Esq.*
                       Paul D. Steinman, Esquire